IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS & BETTS POWER SOLUTIONS,
LLC d/b/a JT PACKARD,

                Plaintiff,                              ORDER

     v.

                                               10-cv-213-wmc

S.R. BRAY LLC, d/b/a POWERSPLUS!,
JAMES NOLDEN, SANDY SCHIELE,
CHRIS BLODGETT, JIM UHALT, SCOTT
BOWMAN, PATRICIA EPSTEIN, MICHELE
MARTIN, SHANE WOLFRAM, JENNIFER
WINGERT, SARAH SULLIVAN, KRISTI
RUE, SAMANTHA MOYES and JOHN ROIDT,

                Defendants.

---

        On April 19, 2010, plaintiff ("JT Packard") filed this lawsuit in which it asserts ten state law causes of action against defendants stemming from allegations that: (1) defendant S.R. Bray LLC, d/b/a POWERPLUS! wrongfully enticed some of JT Packard's former employees to come to work for it; and (2) those former employees are using confidential information obtained in a "nefarious campaign" to compete unlawfully with JT Packard. In addition to filing the lawsuit, plaintiff filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction. Dkt. #2. Plaintiff's request for a temporary restraining order is denied for two reasons: (1) it has failed to properly allege that this court has subject matter jurisdiction over this case; and (2) it has failed to persuade the court that it will suffer "immediate and irreparable injury, loss or damage" *before* defendants can be heard in opposition. Plaintiff's request for a preliminary injunction will be heard in court on May 14, 2010.

### Diversity of Citizenship

As a matter of first importance, plaintiff has failed to establish that this court has subject-matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint raises a federal question or there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 789, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to ensure that jurisdiction exists." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citation omitted). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Plaintiff alleges that this court has diversity jurisdiction over the state law claims presented pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the amount in controversy between the parties exceed $75,000 and that there is complete diversity (plaintiff cannot be a citizen of the same state as any defendant). *Smart*, 562 F.3d at 803.

Whether there is complete diversity in this case cannot be determined from the allegations in plaintiff's original complaint. First, both plaintiff JT Packard and defendant POWERPLUS! are limited liability companies. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico*, 474 F.3d at 992. Plaintiff provides no allegations about the citizenship of the members of either LLC.

Instead, it merely alleges where each company maintains its principal place of business, which is irrelevant in deciding the citizenship of the companies. Second, plaintiff fails to allege the *citizenship* of any of the individual defendants. While plaintiff alleges the residency of each individual defendant, "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Plaintiff must, therefore, amend its complaint, providing information about the citizenship of each member of both limited liability companies in suit and each individual defendant before the court can determine whether complete diversity exists. Additionally, if the members of either limited liability company are themselves a limited liability company, partnership, or other similar entity, then plaintiff must provide the citizenship of those members and partners because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.*

### Immediate and Irreparable Harm

Even if doubt did not remain as to this court's subject matter jurisdiction over the dispute, Fed. R. Civ. P. 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

These exacting requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Good Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974). Thus, "the circumstances in which an ex parte order should be granted are extremely limited." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).

The circumstances that most often support granting an ex parte temporary restraining order are "where notice to the adversary party is *impossible* either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Am. Can Co.*, 742 F.2d at 322 (emphasis added). Plaintiff has not presented such circumstances here.

Plaintiff JT Packard requests the ex parte entry of nine, sweeping and separate injunctions, the impact of which would effectively prevent defendant POWERPLUS! -- a direct competitor of plaintiff -- from engaging in any business activities that use JT Packard's former employees or their knowledge of its business to compete in the marketplace. Plaintiff's allegations, which are accepted as true for the purpose of deciding this motion, similarly center around its claim that at least ten of its former employees (now employed by POWERPLUS!) are breaching non-compete, non-solicitation and non-disclosure agreements they entered into with JT Packard and that POWERPLUS! encouraged these former employees to breach their agreements in an effort to steal current and prospective customers from plaintiff. Plaintiff contends that since several of its former employees defected to

defendant POWERPLUS!, it has lost one customer and that it may lose more in the near future because it has information that several defendants intend to solicit several of plaintiff's customers this week.  These circumstances are not of the extremely limited type that necessitate an ex parte temporary restraining order.

Indeed, plaintiff expends much time arguing its likelihood of success on the merits and the irreparable harm it will suffer if defendants are not enjoined.  However, plaintiff provides no allegations or arguments as to why it is impossible for defendants to be notified of its request for an injunction, much less why it should not be required to give them notice and an opportunity to respond before the injunction is issued.

Furthermore, the harm resulting from the breach of employment contracts or inducement of those breaches is not so clearly immediate or irreparable to support granting plaintiff's requested injunctions without giving defendants an opportunity to be heard.  *See, e.g., Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 945 (7th Cir. 2006) (plaintiff's statements that "'without this injunction, the Plaintiffs' business will die and 40 contracts will be terminated'" and that "[t]hose contracts represent the majority of all business conducted by CUI," failed to persuasively show irreparable harm because they failed to explain why an award of damages would not make plaintiff whole in breach of contract case).  Accordingly, plaintiff's request for an ex parte temporary restraining order will be denied.

While failing to persuade the court that an ex parte temporary restraining order is necessary or appropriate on this record, plaintiff's request for a preliminary injunction must be addressed promptly. Accordingly, IT IS ORDERED that:

(1) The request for a temporary restraining order filed by plaintiff Thomas & Betts Power Solutions, LLC d/b/a JT Packard is DENIED.

(2) On or before Tuesday, April 27, 2010, plaintiff shall file with the court:

    (a) an amended complaint and any additional documentation to establish plaintiff's and defendants' citizenship for purposes of determining the court's subject matter jurisdiction; and

    (b) confirmation that defendants have been served with plaintiff's motion for preliminary injunctive relief and accompanying documents (dkts. ##2 - 6), as well as the amended complaint, this order and the court's attached "Procedure to be Followed on Motions for Injunctive Relief."

(3) On or before Thursday, May 6, 2010, defendants shall serve and file their response to plaintiff's motion for preliminary injunctive relief.

(4) On or before Tuesday, May 11, 2010, plaintiff must file any reply to defendants' response.

(5) On Friday, May 14, 2010, the court will hold a hearing at 8:00 a.m. to address plaintiff's motion for a preliminary injunction.

Entered this 21st day of April, 2010.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge